IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02004-BNB

ESTHER L. VIALPANDO,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

_____

**ORDER**
_____

This action seeks review of the Commissioner's decision denying plaintiff's claim for Disability Insurance Benefits under Title II, sections 216(I) and 223(d) of the Social Security Act, 42 U.S.C. §§ 416(I) and 223(d), and Supplemental Security Income Benefits under Title XVI, section 1614(a)(3)(A), 42 U.S.C. § 1382c(a)(3)(A).  The court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g) and 42 U.S.C. 1383(c)(3).  The matter has been fully briefed, obviating the need for oral argument.  The decision is REVERSED and the case is REMANDED to the Commissioner.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff filed for benefits on August 31, 2010, stating that she had become disabled beginning August 25, 2010.  *Social Security Administrative Record* [Doc. #11] (the "Record"), pp. 102-110.[1]  Her applications were denied by the State agency on December 27, 2010.[2]  Id. at

---

[1] I refer to the official page numbers of the Record which are found on the lower right-hand corner of each page, not to the page numbers that are assigned by the court's docketing system.  In addition, all references to the Code of Federal Regulations are to the 2013 edition of

pp. 34-59. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[3] Id. at p. 64. The hearing was held on April 2, 2012. Id. at pp. 23-33. On April 12, 2012, the ALJ issued a written decision finding that the plaintiff is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Id. at pp. 7-22. The plaintiff requested a review of the ALJ's decision by the Appeals Council. Id. at p. 6. The Appeals Council denied the plaintiff's request for review. Id. at pp. 1-5. Therefore, the ALJ's decision is the final decision of the Commissioner of Social Security. Id. at p. 1.

## II. STANDARD OF REVIEW

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. Brown, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. Hedstrom v. Sullivan, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct

---

part 404, which addresses claims under Title II of the Act. All cited regulations have parallel citations in part 416, which address claims under Title XVI of the Act.

[2]The plaintiff's initial applications were made to a state agency pursuant to 20 C.F.R. § 404.1503(a),which provides that "State agencies make disability and blindness determinations for the Commissioner for most persons living in the State."

[3]The plaintiff's applications were processed pursuant to 20 C.F.R. § 404.906(b)(4) which eliminates the reconsideration step in the administrative review process.

legal test, there is a ground for reversal apart from a lack of substantial evidence." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. Id.

### III.  THE LAW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." Campbell v. Bowen, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. See Kelley v. Chater, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

    2.  The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

    3.  The ALJ must then determine if the impairment meets or medically equals in severity certain impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

    4.  If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past work despite any limitations.

    5.  If the claimant does not have the RFC to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and RFC.

20 C.F.R. §§ 404.1520(a)-(f). See also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).

    The claimant has the initial burden of establishing a disability in the first four steps of this analysis. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. Id. A finding that the claimant is disabled or not at any point in the five-step review is conclusive and terminates the analysis. Casias v. Secretary of Health & Human Services, 933 F.2d 799, 801 (10th Cir. 1991).

## IV.  ANALYSIS

The ALJ found that (1) the plaintiff has not engaged in substantial gainful activity since August 25, 2010; (2) the plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, depression, and anxiety; (3) the plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926); (4) the plaintiff has the RFC to perform a range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b); (5) the plaintiff is unable to perform any past relevant work; and (6) jobs exist in significant numbers in the national economy that the plaintiff can perform.  *Record*, pp. 7-22.

The plaintiff argues that: (1) the ALJ failed to state the RFC finding on a function-by-function basis; (2) the RFC finding is not supported by substantial evidence; and (3) the ALJ improperly rejected the opinions of the treating and examining medical sources. *Plaintiff's Opening Brief* [Doc.#15], pp. 11-27.

### Failure to State the RFC Finding on a Function-by-Function Basis

The plaintiff argues that the ALJ failed to state the RFC on a function-by-function basis as required by Social Security Ruling 96-8p, but instead expressed his RFC finding in terms of light work. Id. at p. 11.

Social Security Ruling 96-8p is a statement of the Social Security Administration's policies and policy interpretations regarding the assessment of RFC in initial claims for disability benefits under Titles II and XVI of the Social Security Act.  Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 at *1.  RFC is an assessment of the claimant's ability "to do sustained

work-related physical and mental activities in a work setting" for eight hours a day, five days a week, or the equivalent thereof. Id. at *2. "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." Id. at *1. A claimant's RFC is at issue only at steps four and five of the sequential evaluation process. Id. at *3.

The RFC must address the individual's exertional capacity (limitations and restrictions of physical strength) and nonexertional capacity (limitations and restrictions that do not depend on physical strength). Id. at *5. The exertional functions that must be addressed are sitting, standing, walking, lifting, carrying, pushing, and pulling. Id. Each function must be considered separately. Id. It is necessary to assess the claimant's capacity to perform each of these functions in order to decide which exertional level is appropriate (sedentary, light, medium, heavy, or very heavy) and whether the individual is capable of doing the full range of work contemplated by the exertional level. Id. at *3. Therefore, an RFC assessment must identify the functional limitations and restrictions and assess the work-related abilities on a function-by-function basis before the RFC is expressed in terms of exertional levels of work. Id.

Here, the ALJ did not first identify the plaintiff's limitations and restrictions on a function-by-function basis prior to expressing the RFC in terms of her ability to do light work. The ALJ determined that the plaintiff had "the ability to lift and carry 10 pounds frequently and 20 pounds occasionally," *Record*, pp. 16, 19, and that she "should be restricted to work involving no complex tasks, which can be learned in three months or less." Id. at pp. 17, 20. The ALJ also stated that he relied on the findings from the treating physician's notes which "suggest" that the

plaintiff "can walk and/or stand for about six hours in an 8-hour workday." Id. at p. 19. However, the ALJ's discussion of those functions was in the context of evaluating the plaintiff's credibility and the weight of the evidence; it was not a separate and complete evaluation of the functions. Social Security Ruling 96-8p requires that an RFC assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)," and "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96-8p at *7.

In addition, the ALJ did not consider or make any determination regarding the plaintiff's ability to sit, push, or pull. "To be considered capable of performing a full or wide range of light work," the plaintiff must be capable of "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

Social Security rulings are binding on an ALJ. Nielson v. Sullivan, 992 F.2d 1118, 1120, 1121–22 (10th Cir. 1993). Because the ALJ did not apply the correct legal analysis, the decision of the Commissioner is reversed and the case is remanded for further proceedings consistent with Social Security Ruling 96-8p.[4]

The defendant argues that "[t]he ALJ's functional capacity finding reasonably accounted for all of Plaintiff's credible limitations with sufficient specificity" because "the ALJ found that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except that the work should involve only occasional bending, squatting, or

---

[4] In addition, because compliance with Social Security Ruling 96-8p could alter the ALJ's decision, I do not address the plaintiff's remaining arguments.

kneeling; no climbing of ladders or scaffolds; and no complex tasks."[5] *Defendant's Response Brief* [Doc. #18], pp. 20-21.

The defendant's argument fails because "it completely ignores SSR 96–8p's explicit requirement that the 'RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis,' and '[o]nly after that may RFC be expressed in terms of the exertional levels of work'" and "it does not remedy the fact that the decision fails to demonstrate that the ALJ separately considered each function and that the decision lacks a narrative discussion describing how the evidence supports [his] findings as to each function and explaining how material inconsistencies or ambiguities in the evidence were considered and resolved with respect to [his] RFC findings." Guana v. Astrue, Civil No. 11–cv–02781–LTB, 2013 WL 316022 at *8 (D.Colo. Jan. 28, 2013) (reversing and remanding appeal of Commissioner's decision for failure to comply with Social Security Ruling 96-8p).

---

[5]Section 404.1567(b) provides:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

IT IS ORDERED that the decision of the Commissioner is REVERSED and the matter is REMANDED to the Commissioner for further proceedings consistent with Social Security Ruling 96-8p.

Dated July 10, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge